**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2018[*]
Decided April 4, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 17-1894

| | |
|---|---|
| RONELL HOWLETT, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 16-C-261 |
| | |
| REED RICHARDSON, | William C. Griesbach, |
| *Respondent-Appellee.* | *Chief Judge.* |

**O R D E R**

Ronell Howlett, a Wisconsin prisoner convicted of sexual assault of a minor, appeals from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district judge granted a certificate of appealability allowing him to raise on appeal the issue whether his trial counsel provided ineffective assistance. Because the Wisconsin Court of Appeals reasonably concluded that Howlett was not prejudiced by the alleged errors that he asserts his attorney made, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Howlett was a van driver for Life Skills Academy, a private elementary school operated by his parents. He was charged with three counts of first-degree sexual assault of a minor after nine-year-old C.A. reported three assaults on the school van. C.A. said that on three days in May 2009, Howlett deviated from the regular route and dropped off all the other children before her. On these days, Howlett gave her a cell phone, potato chips, and a pair of headphones in exchange for sex acts.

At Howlett's jury trial, C.A. testified about the sexual assaults, as did a member of her church, investigating officers, and some children who rode the school van. C.A.'s testimony consisted of very detailed descriptions of the assaults, using sexually explicit slang at times. Howlett testified that he never sexually assaulted C.A. He said that C.A. came to possess the cell phone that he allegedly gave her because she stole it out of the cupholder in the van. He also explained that it was normal for him to give students chips and that he would drop off C.A. last when another student on the route was not on the van that day. The jury found Howlett guilty of all three counts. He was sentenced to fifteen years' imprisonment and six years' extended supervision.

Howlett's postconviction motion asserted that trial counsel should have: (1) introduced C.A.'s school attendance records to show that there were no three consecutive calendar days in May when the assaults could have occurred; (2) impeached C.A.'s trial testimony with prior inconsistent statements (in her preliminary hearing, C.A. said that she touched Howlett's penis with her hand for "about two seconds," but said at trial that the contact lasted for "a minute"); (3) introduced a photograph of Howlett's penis, which has a mole that C.A. never mentioned; (4) introduced evidence of C.A.'s propensity to lie and steal; and (5) provided an alternate explanation for how C.A. had learned the sexually explicit terms that she used to describe the assaults. Howlett also argued generally that his attorney failed to object to the state's leading questions and hearsay testimony of a police officer and that the cumulative impact of the alleged errors amounted to ineffective assistance.

The Wisconsin postconviction court denied Howlett's motion, reasoning that Howlett was not prejudiced by his attorney's decision not to impeach C.A. using any of the tactics Howlett suggested. The Wisconsin Appellate Court affirmed, largely adopting the trial judge's reasoning. The Wisconsin Supreme Court denied further review. Howlett then filed a motion for reconsideration, in which he raised new claims that his trial counsel had been ineffective for failing to present evidence that police used

suggestive and flawed questioning techniques with C.A. and that C.A. had sexual contact with another student. The postconviction court denied Howlett's motion after reviewing his new claims on the merits. The Wisconsin Court of Appeals affirmed the ruling on the ground that Howlett had waived those grounds by not raising them in his original postconviction motion. *See State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994). The Wisconsin Supreme Court denied a petition for review.

Howlett petitioned in federal court for a writ of habeas corpus, raising most of the issues he had raised in his state postconviction motion and motion to reconsider. The district judge determined that the state appellate court had reasonably concluded that Howlett was not prejudiced by any of his attorney's alleged omissions, and further that Howlett's latest two claims of attorney error were not reviewable because they had been decided on an independent state procedural ground. The judge granted Howlett a certificate of appealability, and Howlett appealed.

We cannot issue a writ of habeas corpus on a claim decided on the merits by a state court unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The petitioner must show that the state court's decision involved an error "well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see Quintana v. Chandler*, 723 F.3d 849, 855 (7th Cir. 2013). Where the petitioner alleges ineffective assistance of counsel, "the pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 100; *Strickland v. Washington*, 466 U.S. 668, 687, 691 (1984) (to succeed on claim, one must show error and prejudice).

We review the decision of the Wisconsin Court of Appeals, the last state court to rule on the merits, *Jordan v. Hepp*, 831 F.3d 837, 843 (7th Cir. 2016), but we note that the appellate court substantially adopted the trial court's reasoning. We focus primarily on *Strickland*'s prejudice inquiry, which requires the petitioner to demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Winston v. Boatwright*, 649 F.3d 618, 625 (7th Cir. 2011). We defer to the state court's assessment of the existence of a reasonable probability. *Id*.

Howlett contends that his attorney should have impeached C.A. with her inconsistent statements about the duration of the assaults. The appellate court determined that this omission was not prejudicial because there was only a "minute

difference" in C.A.'s estimate, and young children often struggle with estimations of time. We see nothing unreasonable about this analysis.

Next Howlett asserts that his attorney should have presented evidence that C.A. learned sexually explicit terms from the "school environment" — a source other than Howlett. Howlett's trial counsel argued only generally that children often learn bad language from television. The appellate court reasoned that expanding that defense would have mattered little, because the prosecution's theory did not depend on how C.A. learned the language she used, nor did C.A. testify that she first learned the terms from Howlett. The source of the terms was less important than C.A.'s ability to understand them and use them to describe the assaults in detail. The appellate court's opinion that the defense was futile does not "fall outside the bounds of reasonable judicial disagreement," *Jones v. Calloway*, 842 F.3d 454, 465 (7th Cir. 2016).

Howlett also argues that the Wisconsin court unreasonably applied *Strickland* in assessing counsel's failure to introduce C.A.'s school attendance records to impeach her by showing that there were not three consecutive days on which he could have assaulted her. The appellate court concluded that Howlett demanded "a degree of precision-recall that no reasonable jury would expect" of a third-grader, and further, that the record permitted a finding that Howlett committed the assaults on three consecutive school days, not calendar days. That analysis is reasonable, so we defer to the finding that there was no prejudice.

Howlett also argues that his attorney should have objected to leading questions asked of the investigating police officer and the officer's hearsay testimony that repeated and, Howlett says, implicitly endorsed, C.A.'s recounting of the assaults. The appellate court concluded that there was no prejudice because the officer's testimony was "too brief" and essentially superfluous in light of the detailed account C.A. gave, and the state did not emphasize the officer's testimony in its closing argument. This application of *Strickland* was reasonable.

Howlett also argues that his attorney should have sought to admit evidence that C.A. had a habit of stealing cell phones. But the appellate court reasoned that such evidence would be inadmissible as habit evidence, WIS. STAT. ANN. § 904.06(1), as evidence of other acts, § 904.04(2), or as impeachment evidence, § 906.08(2). Howlett asks us to reassess these evidentiary conclusions, but we cannot do so because of the deferential standard we must apply. *Shaw v. Wilson*, 721 F.3d 908, 914 (7th Cir. 2013).

Since the state court found the evidence inadmissible under its rules, we may not overturn the finding that there was no prejudice.

Howlett contends that his trial attorney should have called a former teacher to testify about C.A.'s character for untruthfulness, *see* WIS. STAT. ANN. § 906.08(1). But the appellate court concluded that the teacher was biased because Howlett's parents employed her. Howlett argued that by trial time the teacher no longer worked for his parents, but in the court's view this would not temper the teacher's bias. The court further concluded that the evidence would have had "minimal strength" and would pale in comparison to C.A.'s detailed recounting of the assaults. This was reasonable.

Finally, Howlett contends that he did not procedurally default the arguments that his attorney should have hired a child psychiatrist as an expert witness and should have introduced evidence about C.A.'s sexual history. We cannot review federal claims if the state-court decision about those claims rests on an adequate and independent state procedural ground. *Kaczmarek v. Rednour*, 627 F.3d 586, 592 (7th Cir. 2010). Because Howlett did not raise these issues in his first postconviction motion, the state appellate court invoked the *Escalona-Naranjo* rule that any issues that could have been raised in a previous postconviction motion or direct appeal cannot be raised in a subsequent postconviction motion unless the petitioner can demonstrate sufficient reason for the delay. *See Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014). We have found the *Escalona-Naranjo* rule to be an adequate and independent state ground. *Perry v. McCaughtry*, 308 F.3d 682, 690 (7th Cir. 2002). We review only whether the state ground was a firmly established and regularly followed state practice at the time it was applied, *Lee*, 750 F.3d at 693, and was not applied "unexpectedly" or "freakishly," *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000). The appellate court rejected the argument that postconviction counsel's ineffective assistance was sufficient cause for Howlett's delay because Howlett made only a general assertion of ineffectiveness that did not identify any particular error or prejudice. There was nothing grossly inadequate or bizarre about this assessment.

And neither of the two recognized excuses for procedural default applies. First, Howlett does not establish that postconviction counsel's performance establishes "cause and prejudice" for his default. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Setting aside whether postconviction counsel's performance in Wisconsin can ever serve as cause and prejudice, *cf. Brown v. Brown*, 847 F.3d 502, 510 n.1 (7th Cir. 2017), Howlett does not show a reasonable probability that making these arguments would have made

a difference in his postconviction case. Second, Howlett does not point to "new reliable evidence" establishing his actual innocence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

We have considered Howlett's other contentions, and none has merit. The judgment of the district court is AFFIRMED.